FALEMA'O PILI, for and on Behalf of the CORPORATION OF
THE PRESIDING BISHOP OF THE CHURCH
OF JESUS CHRIST OF THE LATTER DAY SAINTS, Plaintiff

v.

TUIA'ANA MOI, TOEASO LAUAMA and
SIA LAUAMA, Defendants

High Court of American Samoa
Land and Titles Division

LT No. 50-91

September 14, 1992

Before KRUSE, Chief Justice, MATA'UTIA, Associate Judge, and
BETHAM, Associate Judge.

Counsel:        For Plaintiff, Gata E. Gurr
                For Defendants, Asaua Fuimaono


        Plaintiff petitions for injunctive relief and the eviction of the
defendants Toeaso and Sia Lauama from a certain portion of land located
in Mapusaga.  The disputed area was a part of a larger 22-acre tract of
land which various matai of Faleniu, including a former Tuia'ana, had
conveyed in 1944 to the Corporation of the Presiding Bishop, Church of
Jesus Christ of the Latter Day Saints (hereafter the "Church") for "school
and church purposes."  The deed of conveyance contained a reversionary
clause whereby the land would revert to the grantors in the event the land
ceases to be used for the designated purposes.

        In 1983, the defendant Tuia'ana and three other matai of Faleniu
sued the Church to recover the land conveyed in 1944.  The suit was
resolved in a settlement whereby the parties agreed that the land would
revert back to the respective communal-land owners, with the exception
of three small parcels which the Church would retain for a mission
home, a chapel site, and an institute site.  Pursuant to the settlement

agreement, the parties subsequently exchanged deeds. Thereafter, the Church registered its deed of conveyance with the Territorial Registrar while the Faleniu matai, including defendant Tuia'ana, resorted once more to the court to sort out their respective claims to the estate in reversion. *See Moea'i v. Te'o*, 8 A.S.R.2d 85 (1988), *aff'd sub nom. Moea'i v. Alai'a*, 12 A.S.R.2d 91 (1989).

In early June 1991, the defendants Toeaso and Sia Lauama began the construction of a house on a site within that area of land retained by the Church in the 1983 settlement and referred to above as the "institute site," and is more particularly described in the appendix hereto. The construction by the Lauamas was at the direction of the defendant Tuia'ana, and it continued to completion, notwithstanding the Church's repeated objections to the defendants that the construction was being undertaken on Church property. This suit was filed on August 23, 1991.

Tuia'ana's position, as he made known on the witness stand, borders on the vexatious. He asserts that he was awarded the disputed site in the 1988 case, *Moea'i v. Te'o*. Additionally, he claims that the 1983 settlement with the Church was concluded without his fully knowing what was going on.

The court's ruling in *Moea'i v. Te'o*, with respect to Tuia'ana's interest in the reversion, specifically states that "Tuia'ana has the right to register the land contained in his survey . . . *with the exception of lands . . . retained by the [Corporation of the Presiding Bishop,] Church [of Jesus Christ of the Latter Day Saints]*." *Id.* at 91 (emphasis added). In a footnote to this conclusion, the court further explains as follows:

> [a]ssuming that Tuia'ana's survey has been offered for registration and that no one who is not a party to this case has objected to it, Tuia'ana may register it *except insofar as it encroaches on land retained by the [Corporation of the Presiding Bishop,] Church [of Jesus Christ of the Latter Day Saints]*.

*Id.* (emphasis added). Tuia'ana's understanding of the 1988 decision is thus very much mistaken. His alternative claim is not only difficult to believe but is also without merit. He was one of the plaintiffs in the 1983 proceedings and was represented throughout by counsel; those proceedings resulted in a settlement agreement which was presented to the court for approval; the action was subsequently dismissed *with*

101

*prejudice* upon joint stipulation;[1] and an exchange of deeds, to which Tuia'ana was a signatory party, thereafter ensued. It is a little too late now to be imploring mistake.

We conclude that the site of the construction complained of is within property owned by the Church, to wit, the institute site, and that the defendants have no right to remain thereon. The petition for eviction must therefore be granted.

We also conclude that defendants are not entitled to equitable relief for the value of improvements. Such relief is available only to a "good-faith" possessor; that is, one who makes improvements on land in the honest belief that he is the owner. *Tulisua v. Olo*, 8 A.S.R.2d 169 (App. Div. 1988). Here, the defendants had knowledge of plaintiff's adverse claim to the site concerned but nonetheless carried on with construction. They cannot, in these circumstances, be said to be good-faith possessors. *Id.*; *see also Fonoti v. Fagaima*, 5 A.S.R.2d 158 (1987).

The defendants may remove their structure from plaintiff's land; however, the parties are free, and encouraged, to negotiate a sale of the structure. If they cannot so agree, then the defendants have sixty days to remove their property from plaintiff's land. The petition for eviction is granted, and the petition for injunctive relief is granted. The defendants shall remove themselves and their property from the land within sixty days, and they are enjoined from any further occupation of the said land thereafter.

It is so ordered.

### APPENDIX

*Institute Site*

All that certain real property lying in Land Square "28" Unit "C", situated in the village of Mapusaga, County of Tualauta, Western District, Island of Tutuila, American Samoa, being a portion of land known as

---

[1] *See Tuia'ana v. The Corporation of the Presiding Bishop, Church of Jesus Christ of the Latter Day Saints*, CA No. 103-83 (1985).

Mapusaga owned by LDS, more fully described as follows:

Beginning at an iron pin set at corner of stonewall which has coordinates of X=236,817.29 and Y=289,160.67 American Samoa datum of 1962. Run thence on azimuth 22° 10' 37", 107.36 feet to an iron pin; thence on azimuth 147° 02' 00", 169.34 feet to an iron pin found; thence on azimuth 243° 07 52", 70.72 feet to an iron pin; thence on azimuth 236° 50' 42", 62.37 feet to an iron pin; thence on azimuth 229° 11' 02", 25.00 feet to a point; thence on azimuth 327° 02' 00", 105.00 feet to a point; thence on azimuth 57° 23' 15", 69.23 feet to the point of beginning.

Containing 0.4343 acre, more or less.